In the United States District Court
For the Northern District of Mississippi

: Complaint :

**FILED**
OCT 21 2010
DAVID CREWS, CLERK
By_____ Deputy

Stroud                107936
(Last Name)          (I.D Number)

Jason                 Joaquin
(First Name)         (Middle Name)

1:10CV279-P-D

S M C I
(Institution)

P.O. Box 1419, Leakaville, Ms. 39451
(Address)

: Civil Action Number :

V.

Laddie Huffman

Bobby Randle

Andrew Cotton

Dr. Stanback

Treddis Anderson

Other Lawsuits Filed by Plaintiff

The Plaintiff must fully complete the following questions. Failure to do so may result in your case being dismissed.

A. Have you ever filed any other lawsuits in a court of the United States?  YES ( )  NO ( )

B. If your answer to A is YES, complete the following for each and every civil action, appeal filed by you.

1. Parties to the Action: Richard Fewell, Paul Campbell, Michael Allen (Ouachita Parish, La.)

2. Court (If Federal Court, Name the district; If State Court, Name the county): U.S. District Court, Shreveport, La.

3. Docket Number: ____

4. Name of Judge to whom case was Assigned: ____

5. Disposition (For example: was the case dismissed? If so, what grounds? Was it Appealed? Is it still Pending?): Case dismissed; (Voluntary dismissal)

**PARTIES:**

1. Name of Plaintiff: Jason Stroud   Prison Number 107936   Address: P.O. Box 1419, Leakesville, MS. 39451

2.

cont.

II. Defendant __Laddie Huffman__ is employed As __Sherriff__ At __Clay County Sherriff's Department__.

: Plaintiff:

Name: __Jason Stroud__

Address: __P.O. Box 1419, Leaksville, MS., 39451__

: Defendant(s):

| Name: | Address: |
|---|---|
| Bobby Randle | P.O. Box 142, West Point, MS. 39773 |
| Andrew Cotton | P.O. Box 142, West Point, MS. 39773 |
| Dr. Stanback | P.O. Box 142, West Point, MS. 39773 |
| Treddis Anderson | P.O. Box 142, West Point, MS. 39773 |

: General Information:

A. At the time of the Incident complained of in this complaint, were you incarcerated because you had been convicted of a crime? YES (✓)  NO ( )

B. Are you presently incarcerated for a parole or probation violation? YES ( )  NO (✓)

C. At the time of the Incident of in this complaint

Were you an Inmate of the Mississippi Department of Corrections (MDOC)? Yes ( ) No (✓)

D. Are you currently an Inmate of the Mississippi Department of Corrections (MDOC)? Yes (✓) No ( )

E. Have you completed the Administrative Remedy Program Regarding the claims presented in this complaint? Yes ( ) No (✓). If so, state the results of the procedure: complaint forms never answered at Clay County - N/A

F. If you are NOT an Inmate of Mississippi Department of Corrections (MDOC), answer the following questions:
  1. Did you present the facts relating to your complaint to the Administrative or Grievance procedure in your Institution? Yes (✓) No ( )
  2. State how your claims were presented (written request, verbal request, request for forms): Complaint forms, medical forms, verbal.
  3. State the date your claims were presented: 1-10 through 5-10 (January through May of 2010)
  4. State the result of the procedure: Complaint forms never answered. No truth came from verbal request.

4.

## STATEMENT OF CLAIM

Comes Now: Jason Stroud (Herein After Plaintiff): States In this Pursuant to 42.U.S.C.1983. The Infringment(s) of Plaintiff(s) (5th) Fifth And (8th) Eight Amendment Right(s) to the United States Constitution (5.8 U.S.C.) on MAY 14, 2009 And MAY 19th, 2009.

Plaintiff(s) Personal Property was confiscated by Andrew Cotton And Thaddis Anderson both of The (M.B.N.) Mississippi-Bureau-of-Narcotics. Plaintiff(s) GPS And $2,169 was confiscated without Proper Investigation from Cotton And Anderson. When In Fact the (5th) Fifth Amendment Protects the Right to Citizens Properties. Nor Shall Private Property be taken for Public Use, Without Just Compensation. Plaintiff has In His Possession Copies of Check(s) Made out to Him from His Mother Dorris D.J.C Djos who works At AN Canteen for the Military In Iraq. Plaintiff(s) Mother Authorized A ($1,500) check on April 09, 2009 And Another check on MAY 09, 2009 Worth ($1,500) was Authorized BY Plaintiff(s) Mother from Montgomery('s) Bank In

Con.T.

Montgomery, Louisiana. These checks where Authorized to Plaintiff for Attorney Fee(s), that of which Plaintiff had his Court Appearance in Columbus, MS of Lowndes County. On July 17, 2009 Plaintiff(s) Property was issued out in sums to (M.B.N) $1,735.20 (Clay County SO) $433.80 Plaintiff have copies of Memorandum to Support Such. Plaintiff(s) Property was Confiscated And issued out (1) one year before. His Court Appearance which was held July 21, 2010. The charge was dropped And Retired to File. This Infringes upon Plaintiff(s) Right to the (5th) Fifth Amendment of the U.S. Constitution for Seizure of Property without Just compensation.

By the Above stated facts "intra" And the outcome of the Alleged charge of Plaintiff Both Andrew Cotton And Treddis Anderson is in Violation of Infringing Plaintiff(s) (5th) Amendment Right(s) to the U.S. Const And is Hereby Liable to Reimburst Plaintiff(s) Confiscated Property . _ _ _ _ _

Plaintiff also brings upon a claim for Infringement of Plaintiff(s) (8th) Eight Amendment Right(s) to the U.S. Constitution (8, USC), for deliberate indifference. Deliberate Indifference is also a standard for measuring the adequacy of prison officials - officials and their response to known medical needs of inmates and their system for allowing inmates to make their needs known. On Jan 6, 2010 Plaintiff stated in at least twenty (20) sick-call request made in Clay County Jail, to Dr. Stanback who is the physician there. Plaintiff stated of his illness, which is ulcerative colitis, and the abdominal pains and bleedings from the result of this illness along with several flare-ups. Dr. Stanback never once responds to Plaintiff(s) sick-call request, which by delay or denial of access to medical attention violates Plaintiff(s) protected rights. Especially if it depends upon the seriousness and urgency of the medical need. By this unexplained delay of hours and even months in treating a serious injury states a prima facie case of deliberate indifference.

3.

Sick calls must be conducted in a fashion that permits prisoner(s) complaints to be evaluated in a professional manner. By the known deficiencies in this sick call system supports a finding of deliberate indifference. Courts later accepts a written complaint system that requires all prisoners with non-routine complaints to be seen by a doctor within 24-hours. Prisoners who need a physician's direct attention must recieve it. Dr. Stanback neither answered the request made by plaintiff, nor saw plaintiff in the time appointed or beyond (challenge medical files at Clay County Jail). This itself infringes upon plaintiff's protected rights. Also Bobby Randle was the jail administrator in whom plaintiff made aware of his illness. After plaintiff couldn't get any relief from the doctor or his staff. Plaintiff had no other means but to result in the jail admin Bobby Randle and the sherriff Laddie Huffman, who both didn't answer plaintiff(s) complaints made to them in written form

4.

And Plaintiffs Profile sheet, which Also Made both Huffman And Randle Aware of Plaintiffs Illness (challenge: Clay counties complaint form Around Jan 6, 2010 And clay counties profile on Plaintiff). Huffman And Randle Both verbally After several weeks Informed Plaintiff that they feared that He was going to escape, that's An Arbitrary And Capricious Response to Plaintiffs medical Need. officials Are Not deliberately Indifferent when they Act in Reliance on the Judgment of qualified Medical Personnel, But they May be deliberately indifferent if they fail to provide Adequate Medical Care, or if they Maintain policies that Interfere with Medical Attention. Therefore Sheriff Laddie Huffman And Bobby Randle Is Liable Because they both knew of Plaintiff's Requests for Medical treatment And that it was being Ignored. In Some Cases, A failure to Act on prior complaints by inmates may be sufficient to support liability, But they May

9.

may be held liable for medical care deprivations if they fail to take steps to provide an adequate medical care system. The policy need not be formal or written to serve as the basis for liability "Tacit Authorization" may be sufficient. From Jan 6, 2010 to around May 15, 2010 Plaintiff suffered pain from abdominal bleeding and flare-ups from results of the negligence of Dr. Stanback and the Invidious-deprivation of Sheriff Huffman and Jail Administrator Bobby Randle. This period of (5) five months was so severe that finally the Administration had to take Plaintiff to West Point Hospital where He Recieved Medical Attention (challenge Plaintiff's medical file). Plaintiff was put on (30) thirty day perscription of Lialda, But Jail Admin Refuse to pay for the other half, causing Plaintiff to only Recieve an (15) day supply, that was Inadequate In treating Plaintiff's illness. when In fact

6,

The Eight(8th) Amendment prohibits the unecessary and wanton infliction of pain. when in fact Plaintiff was denied Adequate treatment to eliminate pain and suffering At Least temporarily. Further I sayeth not---.

## Relief

Plaintiff contends that ,Relief ; by/through Court Decree is Requested in the Form of the following;

(1) That by the In just Investigation by Both Andrew Cotton And Treddis Anderson, That led to the **Auctioning** of Plaintiff(s) Property, which later Courts dropped, And Retired Charges. Plaintiff Is Entitled to Redress.

(2) By the denial of Medical Attention from DR. Stanback, who NEVER once Answered Plaintiffs medical Request Plaintiff IS Entitled Redress.

(3.) By the Sole Act of deprivation of Medical treatment by Sherriff Laddie

Huffman And Bobby Randle, After Being Made Aware of Plaintiffs Illness Is Liable For this said Action And Plaintiff Is entitled Redress.

(4) Plantiff Is Bringing upon Suit In Pursuant To 42 U.S.C § 1983 to Above stated defendants In their Individual Names For both Punitive And Compensantory damages In the Sum of one-million dollars And Also Anything Else the Judge sees Just And Equitable. Plaintiff Also Request A Trail In Front of A blue Ribbon Jury to determine else...

Further I Sayeth Not __.

Signed this 29th day oF September, 2010

Jason Stroud #107936
Area-2/A-1/Bed #112
P.O. Box 1419
Leaksville, MS 39451

I declare under Penalty of Perjury that Forgoing Is True And Correct   9-29-10   Jason Stroud
                                          :Date:    ;Signature of Plaintiff