UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION


JASON JOAQUIN STROUD                                                         PLAINTIFF

V.                                            CIVIL ACTION NO.1:10CV-279-WAP-JAD

LADDIE HUFFMAN, et al.                                                      DEFENDANTS


REPORT AND RECOMMENDATION

     The defendants Andrew Cotton and Treddis Anderson are agents with the Mississippi Bureau

of Narcotics.  They arrested the plaintiff Stroud and charged him with possession of

methamphetamine precursors with intent to manufacture on May 12, 2009.  At the time of his arrest,

Stroud had a Tom-Tom GPS and $ 2,169.00 in cash in his possession.  These items were seized,

forfeited and the proceeds split between the Mississippi Bureau of Narcotics and the Clay County

Sheriff's Office.  These defendants have filed a motion to dismiss this action but have attached

exhibits to the motion including affidavits.  The defendants are also challenging the jurisdiction of

the court.

     The undersigned finds that the motion should be treated as a motion for summary judgment

rather than a motion to dismiss.  The Fifth Circuit Court of Appeals has held that a district court may

grant summary judgment *sua sponte* provided that the losing party is afforded proper notice and an

opportunity to submit documents opposing summary judgment.  *See Judwin Properties, Inc. v. U.

S. Fire Insurance Co.*, 973 F.2d 432, 436 (5th Cir. 1992).  By this report and recommendation, the

undersigned recommends that this court grant summary judgment against Stroud as to these two

defendants.  Plaintiff is advised that this report and recommendation is the notice required under

*Judwin.*

<u>SUMMARY JUDGMENT STANDARDS</u>

Summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c). Rule 56(e) Fed.R.Civ.P. requires that materials supporting or opposing the motion be admissible at trial. Material that would be inadmissible cannot be considered on a motion for summary judgment since it would not establish a genuine issue of material fact.

Summary judgment is proper "where a party fails to establish the existence of an element essential to his case and on which he bears the burden of proof. A complete failure of proof on an essential element renders all other facts immaterial because there is no longer a genuine issue of material fact." *Washington v. Armstrong World Indus.*, 839 F.2d 1121, 1122 (5th Cir.1988) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). If the party with the burden of proof cannot produce any summary judgment evidence on an essential element of his claim, summary judgment is required. *Geiserman v. MacDonald,* 893 F.2d 787, 793(5th Cir. 1990).

The moving party must make an initial showing that there is no dispute of material fact or that there is a failure of proof of an element of the claim. If this showing is made, the nonmoving party must go beyond pleadings and submit specific evidence showing that there are one or more genuine issues of fact to be resolved by trial. In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(emphasis omitted). While all facts are considered in favor of the nonmoving party, including all reasonable inferences therefrom, *Banc One Capital Partners Corp.*

*v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995), the nonmovant's burden, " is not satisfied with

'some metaphysical doubt as to the material facts,'" *Matsushita,* 475 U.S. at 586, 106 S. Ct. at 1356,

by 'conclusory allegations,' *Lujan,* 497 U.S. at 871-73, 110 S.Ct. at 3180, by "unsubstantiated

assertions," *Hopper v. Frank,* 16 F.3d 92 (5th Cir.1994), or by only a "scintilla" of evidence, *Davis

v. Chevron U.S.A., Inc.,* 14 F.3d 1082 (5th Cir. 1994). *Little v. Liquid Air Corp.* at 1075.[1]  A dispute

regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a

verdict in favor of the nonmoving party.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106

S.Ct. 2505, 2510, 91 L.Ed.2d. 202(1986).  Summary judgment is appropriate if "critical evidence

is so weak or tenuous on an essential fact that it could not support a judgment in favor of the

nonmovant." *Armstrong v. City of Dallas*, 997  F.2d 62 (5th Cir. 1993).  If the nonmoving party fails

to meet this burden, the motion for summary judgment must be granted.

These standards have been applied in evaluating the evidence of record in support of and

opposition to the motion for summary judgment.

<u>THE RECORD AND ANALYSIS</u>

The plaintiff's complaint before this court is that valuable personal property was seized from

him when he was arrested.  He contends that he has been wrongfully deprived of his property and

contends that the monies he had in his possession had no connection with any crime but rather was

given to him by his mother to pay legal fees in another matter.  He points out that the charges which

triggered the forfeiture were ultimately dismissed.

The defendants Cotton and Anderson admit that the property was seized when Stroud was

---

[1]  Quoting from *Matsushita Electric Indus.Co. v. Zenith Radio Corp.,* 475 U.S. 574
(1986) and *Lujan v. National Wildlife Federation*, 497 U.S. 871 (1990).

arrested. Affidavits confirm that notices of the seizure and intent to forfeit were served on Stroud. Stroud does not deny receiving the notices. He says he talked to his attorney about the forfeiture papers and was reportedly told by the attorney that forfeiture actions were more trouble than they are worth. Stroud complains that he did not have the funds to hire an attorney.

The plaintiff's complaint, as is typical with *pro se* complaints, is unclear about the legal basis for pursuing the claim. The defendants have construed the claim to be a Fifth Amendment takings case and argue that the court lacks jurisdiction over the claim and/or that it is prematurely filed since the plaintiff has not allowed the state to decide what compensation if any is due. This is not an imminent domain case. Case law dealing with the requirement that a party pursue state proceedings to seek compensation prior to bringing any federal action, *Williamson County Regional Planning Commission v. Hamilton Bank fo Johnson City,* 473 U.S. 172 (1985), is simply inapplicable. This case involves a forfeiture. Properly done a forfeiture is a punitive measure and no compensation is due to the property owner. *Bemis v. Michigan*, 516 U.S. 442, 452 (1996).

Though the undersigned recommends ruling against the plaintiff on the merits, the defendants challenge to the jurisdiction of the court is in error. The claim is properly characterized by the Stroud as a § 1983 claim over which this court clearly has jurisdiction. Additionally the defendants seek a dismissal of the complaint without prejudice. With no remedy still available in state court, this action cannot be considered premature and any dismissal is as a practical matter with prejudice.

Stroud's only possible claim is a due process claim under the Fourteenth Amendment. To establish a due process claim Stroud would have to show that he was denied notice and an opportunity to be heard on the forfeiture. Here pursuant to the Mississippi statutory scheme, Stroud was provided notice of the seizure and intent to forfeit the property. These notices told Stroud the

4

steps he was required to take if he wished to contest the forfeiture. He was given explicit instructions on where to file and even given some direction on the content of the pleadings to be filed. The statute gave Stroud 30 days in which t o file his petition to contest the forfeiture of his property. § 41-29-176 Miss. Code Ann. He failed to avail himself of the process provided by Mississippi law. That law provided Stroud with both the notice and opportunity to be heard that is required by the Constitution. His constitutional rights have not been violated under the undisputed material facts of this case.

The undersigned recommends that the motion to dismiss be treated as a motion for summary judgment. The undersigned also recommends that the defendants Cotton and Anderson be granted summary judgment and finally dismissed from this action.

The parties are referred to 28 U.S.C. § 636(b)(1) and Local Rule 72(a)(3) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within fourteen days of this date. Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Plaintiff is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within fourteen days of this date. Plaintiff is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

SO ORDERED this the 29th day of June, 2011.


_/s/ Jerry A. Davis_____
UNITED STATES MAGISTRATE JUDGE