IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JASON JAOQUIN STROUD                                                              PLAINTIFF

v.                                                                         No. 1:10CV279-A-S

LADDIE HUFFMAN, ET AL.                                                         DEFENDANTS

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Jason Joaquin Stroud, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The defendants have filed a motion [67] for summary judgment. Stroud has responded to the motion, and the defendants have replied. The matter is ripe for resolution. For the reasons set forth below, the motion [67] by the defendants for summary judgment will be denied.

**Summary Judgment Standard**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), *cert. denied*, 484 U.S. 1066 (1988)). After a proper motion for summary judgment is made, the

burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby,* Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Beck*, 204 F.3d at 633; *Allen v. Rapides Parish School Bd.*, 204 F.3d 619, 621 (5th Cir. 2000); *Ragas v. Tennessee Gas Pipeline Company*, 136 F.3d 455, 458 (5th Cir. 1998). Substantive law determines what is material. *Anderson*, 477 U.S. at 249. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*, at 248. If the non-movant sets forth specific facts in support of allegations essential to his claim, a genuine issue is presented. *Celotex*, 477 U.S. at 327. "Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 89 L. Ed. 2d 538 (1986); *Federal Savings and Loan, Inc. v. Krajl*, 968 F.2d 500, 503 (5th Cir. 1992). The facts are reviewed drawing all reasonable inferences in favor of the non-moving party. *Allen*, 204 F.3d at 621; *PYCA Industries, Inc. v. Harrison County Waste Water Management Dist.*, 177 F.3d 351, 161 (5th Cir. 1999); *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995). However, this is so only when there is "an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *see Edwards v. Your Credit, Inc.*, 148 F.3d 427, 432 (5th Cir. 1998). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

**Plaintiff's Allegations**

The plaintiff alleges that he suffers from a severe case of ulcerative colitis, which requires treatment with prescription medication called Lialda.[1] He claims that during his stay at the Clay County Jail, ulcerative colitis caused him severe pain, uncontrollable bowel movements containing blood and pus – and that his complaints and medical request forms were ignored for months while he suffered in his cell. Stroud claims that, though he was examined and treated by a doctor for this condition, there were long and unreasonable delays between treatments during which he suffered severe pain and the uncontrollable bowel movements (containing blood and pus) described above. In addition, he alleges that – for long periods – the defendants refused to provide him with the medication the doctor ordered – and that he continued to suffer without the prescribed medication. It is these alleged unreasonable delays in diagnosis and treatment, as well as the failure to provide the prescribed ulcerative colitis medication on a regular basis, that form the basis of Stroud's complaint. His alleged injury is pain he claims to have suffered during the periods in which he received no treatment.

**Discussion**

The defendants argue in their motion that the plaintiff has not provided the evidence necessary to substantiate his complaint, based largely on the absence of medical request forms in the medical records to support the plaintiff's claims. The defendants also argue that Stroud's claim must be dismissed because he received *some* treatment. This argument does not hold in the present case. Stroud was *prescribed* treatment, but he alleges that he did not receive it for

---

[1]The allegations in Stroud's complaint were submitted under penalty of perjury; as such, the allegations themselves constitute adequate evidence to create an issue of material fact to defeat a motion for summary judgment.

weeks or months at a time. Mere suggesting that a prisoner should receive treatment, without providing as prescribed, can indeed state a claim for § 1983 relief. Prison officials who fail to provide the treatment prescribed by a doctor may be liable for such a failure.

As to the affidavits regarding the absence medical request forms, their absence does not constitute conclusive proof that Stroud did not submit them – only that the forms, for whatever reason, did not reach the appropriate file. The plaintiff has provided sworn written testimony establishing a *prima facie* case of deliberate indifference. He has alleged (1) that he suffers from a debilitating and permanent condition: ulcerative colitis, (2) that, despite his repeated requests for medical attention, the defendants, for months at a time, refused to provide him with medical care for his condition, (3) that he suffered excruciating pain, infection, and bleeding because of the defendants' actions, (4) that he informed at least some of the defendants about these problems, (5) though the defendants finally took him to see a doctor, they refused to carry out the treatment program ordered by the physician, and (6) this failure led to the plaintiff's continued physical pain and suffering. The defendants' summary judgment evidence simply states a different version of the facts. The conflicting evidence reveals material facts in dispute, and takes resolution of this case outside the purview of summary judgment.

For these reasons, the motion [67] by the defendants for summary judgment will be denied. A judgment consistent with this memorandum opinion will issue today.

**SO ORDERED,** this 9th day of April, 2012.

                                             **/s/ Sharion Aycock**
                                             **U.S. DISTRICT JUDGE**